In light of Defendants' position, (Doc. 121), I have reviewed this Report and Recommendation for clear error and find none. Accordingly it is adopted as the decision of the Court, and the motion, (Doc. 109), is denied. The Clerk of Court is respectfully directed to terminate Docs. 105 and 109.

SO ORDERED.

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

9/9/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MÖLNLYCKE HEALTH CARE US, LLC, AND MÖLNLYCKE HEALTH CARE AB,

Plaintiffs,

-against-

WILLIAM PURDY, ROBERT PURDY, and GREENWOOD MARKETING, LLC,

Defendants.
-----------------------------------------------------X

**REPORT AND RECOMMENDATION**

20 Civ. 3755 (CS) (JCM)

To the Honorable Cathy Seibel, United States District Judge:

Presently before the Court is the application of William Purdy, Robert Purdy (collectively, "Purdys") and Greenwood Marketing, LLC ("Restorative") (collectively, "Defendants") for an Order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") vacating the confidentiality provision ("Confidentiality Clause") of a January 2021 settlement agreement ("Settlement Agreement" or "Agreement") between Defendants, Mölnlycke Health Care US, LLC ("MHC"), and MHC's parent company, Mölnlycke Health Care AB (collectively, "Plaintiffs"). (Docket No. 109).

On July 27, 2021, Defendants filed an emergency motion for an Order to Show Cause on their Rule 60(b) motion ("Motion"). (Docket No. 103). On July 29, 2021, the Honorable Cathy Seibel referred the matter to the undersigned for a Report and Recommendation. (Docket No. 107). Thereafter, on July 30, 2021, the undersigned Ordered that Plaintiffs show cause before the Court to address why the Confidentiality Clause of the Settlement Agreement should not be vacated. (Docket No. 108).[1] On August 2, 2021, Defendants filed a memorandum of law in

[1] On August 2, 2021, Defendants filed the Order to Show Cause, (Docket No. 109), and refiled their memorandum of law, (Docket No. 114), and supporting exhibits, (Docket Nos. 110–113), which they had previously filed on ECF

support of their Motion, (Docket No. 114) ("Def. Br"), and supporting exhibits, (Docket Nos. 110–113). Plaintiffs submitted a memorandum of law in opposition to the Motion on August 11, 2021, (Docket No. 117) ("Pl. Br."), accompanied by supporting exhibits, (Docket No. 117-1–117-3). On August 19, 2021, the undersigned heard oral argument on the Motion. For the reasons that follow, the Court respectfully recommends that Defendants' Motion for a Rule 60(b) Order vacating the Confidentiality Clause of the Settlement Agreement be denied.

## I. BACKGROUND

The Court limits the background facts to those necessary for the present application. From 1993 until 2016, the Purdys operated Sundance Enterprises, Inc. ("Sundance"), which "developed, manufactured, and sold . . . medical products including ankle foot orthoses [] boots, heel protector boots, patient positioning products and positioning systems." (Docket No. 110 ¶ 4). In 2016, the Purdys sold, *inter alia*, their stock in Sundance and certain of their intellectual property to MHC. (*Id.* ¶ 5; Docket No. 86 ¶ 14 ("SAC")). The acquisition was governed by a series of agreements ("2016 Contracts"). (SAC ¶¶ 15–17).

On May 14, 2020, MHC brought suit against Defendants for, *inter alia*, breaching the 2016 Contracts and patent infringement ("2020 Litigation"). (Docket No. 1). MHC filed an amended complaint on July 23, 2020. (Docket No. 12). Defendants filed an amended answer and counterclaims against Plaintiffs on October 6, 2020, (Docket No. 55), and Plaintiffs filed a second amended complaint on December 3, 2020, (Docket No. 86).

On December 3, 2020, the parties participated in a settlement conference before the undersigned. The case did not settle at that time. Thereafter, on January 29, 2021, the parties

on July 27, 2021. (Docket Nos. 103–104). Thus, the documents submitted in Docket Nos. 110–114 are identical to those submitted in Docket Nos. 103-1–103-12 and 104. To avoid confusion, the Court will reference Docket Nos. 110–114 when citing to Defendants' memorandum of law and exhibits.

informed the Court that they had reached a settlement. (Docket No. 95). The parties filed the above-referenced Settlement Agreement under seal, which was so-ordered by the Honorable Cathy Seibel on February 11, 2021. (Docket No. 100). The Settlement Agreement forbid the parties to disclose the Agreements' terms to third-parties outside of certain, limited circumstances. (Def. Br. at 10). On February 18, 2021, the parties voluntarily discontinued the 2020 Litigation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Docket No. 102).

Defendants allege that after executing the Settlement Agreement and agreeing to discontinue the 2020 Litigation, MHC's representatives made five false and defamatory statements to sales representatives associated with various hospitals regarding Defendants' products and the disposition of the 2020 Litigation. (*See* Def. Br. at 14; Docket No. 110 ¶¶ 47–49; *see generally* Docket No. 112). Defendants specifically aver that MHC told sales representatives, *inter alia*, that: Defendants "lost" the 2020 Litigation; certain products manufactured by Defendants infringe on MHC's intellectual property; and Defendants failed to disclose to their customers that they had redesigned a specific product as a result of the 2020 Litigation. (*See* Def. Br. at 11–12).

As a result of MHC's purported statements, Defendants brought a plenary action on July 1, 2021 alleging, *inter alia*, that MHC breached the Settlement Agreement, defamed Defendants and committed related statutory violations. *See generally Purdy, et al. v. Mölnlycke Health Care US, LLC*, 21-cv-05715 (PMH) (S.D.N.Y.) ("Related Action"). The Related Action is currently pending before the Honorable Philip M. Halpern. In addition to monetary damages, Defendants' complaint in the Related Action seeks relief from the Confidentiality Clause of the Settlement Agreement, "to allow [Defendants] the opportunity to disclose [the Settlement Agreement's]

terms and thereby demonstrate the falsity of MHC's misrepresentations to [its] customers . . ." (Related Action, Docket No. 1 ¶ 170).

On July 27, 2021, Defendants filed the instant Motion, which seeks relief from the Confidentiality Clause so that they can "disclose the terms of the Settlement Agreement to current and prospective healthcare institution customers, in order to respond to and demonstrate the falsity of the various misrepresentations . . . MHC has been making about Defendants . . . their products, and . . . the manner in which the [2020 Litigation] was resolved." (Def. Br. at 6).

## II. LEGAL STANDARD

Federal district courts are empowered to relieve a party from a final[2] judgment or order pursuant to Rule 60(b) for several enumerated reasons. *See Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, No. 07–CV–0349 (LAP)(FM), 2012 WL 4471267, at *2 (S.D.N.Y. Sept. 21, 2012); Fed. R. Civ. P. 60(b). Pursuant to Rule 60(b)(5), a party may be relieved from a final judgment if changed circumstances render the prospective application of that judgment inequitable. *See Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011), *aff'd*, 471 F. App'x 14 (2d Cir. 2012). "An order has 'prospective application' within the meaning of Rule 60(b)(5) if 'it is executory or involves the supervision of changing conduct or conditions.'" *In re Bannister*, No. 09-16875 (JLG), 2021 WL 219525, at *9 (Bankr. S.D.N.Y. Jan. 20, 2021) (quoting *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988)). Rule 60(b)(5) "is usually applied where a party seeks relief from either an injunction or a consent decree" which tend to stay in place for long periods of time and may warrant reexamination. *Thompson v. City of New York*, No. 04-CV-2355(FB)(RML), 2010 WL 1005866, *2 (E.D.N.Y.

[2] A "so-ordered" stipulation of settlement, such as the Settlement Agreement at issue here, is a final judgment. *Cf Stone v. Fisher*, No. 20-CV-1818(JMF)(BCM), 2020 WL 2765107, at *1 (S.D.N.Y. May 28, 2020) ("the so-ordered Stipulation of Settlement itself 'disposed' of the case, thus operating as a final judgment and barring re-litigation of any claims arising out of the same transactions as a matter of res judicata.")

Mar. 16, 2010); *accord Lee*, 765 F. Supp. 2d at 451 ("Rule 60(b)(5) relief often arises in the context of 'institutional reform litigation,' in which prospective reforms embodied in judgments are reviewed for inequitable application because of changed circumstances."); *NML Capital, Ltd. v. Republic of Argentina*, 15-cv-7367 (TPG), 2016 WL 836773, at *8 (S.D.N.Y. Mar. 2, 2016) (granting Rule 60(b)(5) motion to vacate injunctions against Argentine government stemming from Argentine sovereign default, where the election of President Mauricio Macri, who honored his campaign promise to end long-running lawsuits by engaging in good faith negotiations with creditors, rendered prospective application of the injunctions inequitable).

Additionally, Rule 60(b)(6) — the catchall provision — permits district courts to vacate a judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). A motion pursuant to Rule 60(b)(6) will be granted only "where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *In re Accent Delight Int'l Ltd.*, 16-MC-125 (JMF), 2019 WL 6716419, at *2 (S.D.N.Y. Dec. 10, 2019) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994)). Rule 60(b) motions are "addressed to the sound discretion of the district court," and are generally "disfavored." *Stevens v. Schneiderman*, No. 05 Civ. 10819 (LAK), 2011 WL 6780583, at *4 (S.D.N.Y. Dec. 23, 2011) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986)). Accordingly, a motion for relief pursuant to Rule 60(b) will only be granted upon a showing of "highly convincing evidence." *Deng v. New York State Office of Mental Health*, 1:13-cv-6801 (ALC)(SDA), 2018 WL 11176016, at *1 (S.D.N.Y. July 18, 2018).

**III. DISCUSSION**

Defendants advance two arguments in support of their Motion to vacate the Confidentiality Clause. First, Defendants contend that MHC's purported false statements created a "substantial change in circumstances" for purposes of Rule 60(b)(5), because the statements

violated the Settlement Agreement by, *inter alia*, misconstruing its terms to Defendants' customers. (Def. Br. at 13–15). Second, Defendants argue that MHC's breach of the Agreement constitutes an "extraordinary circumstance" justifying vacatur of the Confidentiality Clause under Rule 60(b)(6). (*Id.* at 15–17).

Notably, Defendants do not seek vacatur of the entire Settlement Agreement or any of the substantive provisions therein. Defendants seek relief from the Confidentiality Clause for the specific purpose of demonstrating to their customers that MHC's alleged statements were false. Thus, the crux of Defendants' arguments under both Rule 60(b)(5) and (6) is their assertion that, because MHC breached the Confidentiality Clause by publicizing (and misconstruing) the Agreement's terms, Defendants should also be able to publicize the Agreement. MHC denies that its representatives made the alleged statements, and argues that even if they had, such statements did not violate the Settlement Agreement. (Pl. Br. at 5–8, 10–11).

**A. Defendants Are Not Entitled to Relief Under Rule 60(b)(5)**

Defendants are not entitled to relief under Rule 60(b)(5) because the Settlement Agreement does not "apply prospectively." *See Tapper v Hearn*, 833 F.3d 166, 170 (2d Cir. 2016). To be sure, almost "every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect." *Id.* (quoting *Twelve John Does*, 841 F.2d at 1138). However, to satisfy Rule 60(b)(5), an order must be "executory," or involve "the supervision of changing conduct or conditions." *Id.* (quoting *DeWeerth*, 38 F.3d at 1275). The Settlement Agreement here does not meet these criteria as it determined the parties' present rights and obligations with respect to the claims raised in the 2020 Litigation. *See In re Bannister*, 2021 WL 219525, at *10 (stipulation of settlement was not prospective where it "constitute[d] the determination of the Debtor's present right to the discharge of [debt]"). The

Agreement did not leave any of the parties' "rights and liabilities to be determined on the basis of future events," *id.* (quoting *United States v. Kayser-Roth Corp., Inc.*, 103 F. Supp. 2d 74, 79 (D.R.I. 2000) *aff'd sub nom*. *United States v. Kayser-Roth Corp.*, 272 F.3d 89 (1st Cir. 2001)), nor did it "leave open future adjudication of any issues regarding the rights of the parties" that are now at issue in the instant Motion, *Tapper*, 833 F.3d at 172; *see also DeWeerth*, 38 F.3d 1276 (judgment did not have a prospective application where its only future effect was barring relitigation of the issues decided). Since the Settlement Agreement does not have prospective force, relief under Rule 60(b)(5) is unavailable to Defendants.

**B. Defendants Are Not Entitled to Relief Under Rule 60(b)(6)**

Moreover, Defendants cannot demonstrate "extraordinary circumstances" necessary for relief under Rule 60(b)(6), because Defendants can obtain their desired relief in the Related Action before Judge Halpern. "'Extraordinary circumstances' will be found if and only if, 'without such relief, an extreme and unexpected hardship would occur.'" *Supervalu Inc. v. Ectaco Inc.*, No. 10-CV-5267 (RLM), 2011 WL 3625567, at *2 (E.D.N.Y. Aug. 12, 2011) (quoting *Diaz v. Lowes New York Hotel*, No. 97 Civ. 2731 (SAS), 1998 WL 326736, at *2 (S.D.N.Y. June 18, 1998)). Defendants cannot demonstrate such circumstances, where, as here, they have already "file[d] a separate action on the settlement agreement itself." *Id.*

Indeed, Defendants commenced the Related Action *before* they brought the instant Motion. That action raises the same issues and would entitle them to the same relief as those sought here. As such, Defendants have not demonstrated the type of "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Rossi v. Stevens*, 651 F. App'x 55, 57 (2d Cir. 2016) ("availability of alternative causes of action or remedies for injuries flowing from a breach of a settlement agreement is a permissible rationale for denying relief under Rule

60(b)(6).") (citing *Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115, 1129 (S.D.N.Y. 1986), *superseded by statute on other grounds*, 17 U.S.C. § 1367 (denying Rule 60(b)(6) motion where the movant "offered no reason why this newly arisen dispute cannot be handled in a separate action")); *accord Stonewall Ins. Co v. Nat'l Gypsum Co.*, No. 86 CIV. 9671 (JSM), 1992 WL 51567, at *7 (S.D.N.Y. Mar. 9, 1992) (denial of Rule 60(b)(6) relief is proper where an "alternative remedy exists"). Moreover, litigating the same issue before two judges is not an efficient use of judicial resources.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes and respectfully recommends that Defendants' Motion to vacate the Confidentiality Clause of the Settlement Agreement pursuant to Rule 60(b) be denied.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time). A party may respond to another party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned. Failure to file timely objections to this Report and

Recommendation will result in a waiver of objections and will preclude later appellate review of any order of judgment that will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated: August 25, 2021
White Plains, New York

**RESPECTFULLY SUBMITTED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge